```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


WILLIE KEVIN WILLIAMS,            :
                                  :
     Petitioner,                  :
                                  :
vs.                               :   CIVIL ACTION NO. 11-00415-CG-B
                                  :
GARY HETZEL,                      :
                                  :
     Respondent.                  :
```

### REPORT AND RECCOMENDATION

This action, which is before the Court on Willie Kevin Williams' petitions for habeas corpus relief under 28 U.S.C. § 2254 (Docs. 1, 2, 16), has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4)[1]. Based upon a careful review of Williams' petitions and various amendments, the undersigned recommends that Plaintiff's petitions be summarily dismissed without prejudice.

### I.  Background

Williams, a pretrial detainee at Easterling Correctional Facility, was arrested in Mobile County, Alabama on July 8, 2011, and shortly thereafter indicted for First Degree Rape, First Degree Robbery, and Second Degree Kidnapping. (Doc. 28-1, pgs. 2, 3).

---

[1] Williams filed two § 2254 habeas actions, namely Williams v. Rich, Civil Case No. 11-00415-CG-B (filed July 21, 2011), and Williams v. Rich, Civil Case No. 11-00458-KD-B (filed August 8, 2011) attacking the charges against him and seeking his relief from custody. In an Order dated October 21, 2011 (Doc. 15), the actions were consolidated.

Williams asserts that the indictments, which reference conduct that allegedly occurred eighteen years ago, are bogus and invalid. Williams also asserts that the Mobile County Sheriff's Department and the Mobile Police Department cannot show a proper chain of custody for the rape kit. (Docs. 1, 2, 16, 37). Williams requests that this Court direct the Circuit Court of Mobile County to dismiss the charges against him, or require that all records, files and evidence be submitted to this Court for review. In his Answer (Doc. 28) in opposition to Williams' petitions, Respondent argues that the petitions should be denied because Williams has not exhausted his available state remedies.

## II.  Analysis

As an initial matter, the undersigned finds that to the extent Williams seeks the dismissal of the pending state charges on the basis of § 2254, his claim is not cognizable. Section 2254 habeas corpus relief challenges the fact or duration of a state criminal conviction: it is a postconviction remedy. See 28 U.S.C. § 2254(a)("[A] court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State Court….")(emphasis added). Here, Williams is challenging a pendant state criminal proceeding; thus, his petition is not cognizable under § 2254. It is instead governed by § 2241. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003)(Observing that all habeas petitions

are governed by § 2241, and that § 2254's provisions do not apply to a prisoner in prison pursuant to something other than a judgment of a state court, e.g., a pretrial bond order.).

Untried state charges may be challenged under § 2241 only under extraordinary circumstances. In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  See Hughes v. Attorney Gen. of Fla., 377 F. 3d 1258, 1263 (11th Cir. 2004). "The rule of exhaustion in federal habeas corpus is rooted in considerations of federal-state comity." Preiser v. Rodriguez, 411 U.S. 475, 491, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). The requirement prevents conflict between state and federal courts by giving state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding . . ." Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). The requirement of exhaustion is intended to reduce piecemeal litigation, to protect the state courts' role in the enforcement of federal law, and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 514-18, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Based upon a review of Williams' petitions and various amendments, it is readily apparent that the <u>Younger</u> abstention doctrine bars this Court from considering his claims and granting the relief he seeks. His conclusory allegations that the claims against him are bogus, and that law enforcement officials cannot establish a proper chain of custody do not fall within the narrow exceptions to the <u>Younger</u> doctrine. Williams' allegations do not demonstrate, let alone suggest, that his prosecution is motivated by bad faith. He has also failed to allege or show any irreparable harm that will occur if this Court does not intervene. Williams' state criminal proceedings are at the early stages, and there is nothing to suggest that he will not be able to present his defenses and other arguments to the state courts. Simply put, Williams has not demonstrated special or extraordinary circumstances with respect to the pending charges. Thus, his claims have not been exhausted through the state courts. His petition should therefore be summarily dismissed as he is not entitled to habeas relief.

Dismissal should be without prejudice to filing a habeas petition following exhaustion of remedies. Williams is advised that there is a one-year limitations period for filing a § 2254 petition. The period generally runs from the date on which the judgment became final on the conclusion of direct review or expiration of the time for seeking review, unless a later date applies. 28 U.S.C. § 2244(d)(1)(A)-(D).

The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. 28 U.S.C. § 2244(d)(2).

### III. Conclusion

For the foregoing reasons, it is the recommended that Williams' § 2254 petition be DISMISSED without prejudice to his right to refile once he has exhausted his state remedies[2].

**The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.**

**DONE** this the **10th** day of **July, 2012.**

                                                                  **/s/ SONJA F. BIVINS**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] In light of the undersigned's recommendation of dismissal without prejudice, it is likewise recommended that Williams' pending motions be denied as moot. (Docs. 19, 20, 27, 29, 30, 31, 35, 37, 39, 40).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation, or anything in it, must, within **fourteen days** of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a  "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be

---

[3]  The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

appealed.

2.  **Transcript (Applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **10th** day of **July, 2012.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**